OPINION
{¶ 1} The defendant-appellant, Joseph L. Converse ("Converse"), appeals from the judgment of the Auglaize County Common Pleas Court classifying him as a sexual predator.
 {¶ 2} On December 16, 2004, Converse was indicted by the Auglaize County Grand Jury on one count of importuning, a violation of R.C.2907.07(D)(2), a felony of the fifth degree. The indictment resulted after several internet conversations between Converse and a fictitious fourteen year old victim ("victim"), who was actually a Cridersville police officer, and two attempted meetings between Converse and the victim. The internet conversations began in October 2004 and were sexually explicit. Converse discussed getting the victim pregnant and taking her out of the United States; bondage; oral sex, vaginal sex, and anal sex; the victim's virginity; the size of his genitalia; and the pain any sexual act would cause the victim. Converse also sent the victim photographs, which depicted his naked body. Converse knew the victim's age because on several occasions she told him she was only fourteen years old.
 {¶ 3} Converse and the victim arranged to meet each other on November 15, 2004, but Converse failed to appear when he saw a police car near the meeting place. Converse and the victim then scheduled to meet at Pat's Donuts and Kreme in Cridersville on November 25, 2004. The Cridersville police arrested Converse at the Speedway gas station located across the street from the donut shop that morning. Among the items retrieved during a search of Converse's car were a police scanner, a police light and siren, sexual paraphernalia, and a lock-blade knife.
 {¶ 4} Converse entered a guilty plea to the single count indictment at a March 10, 2005 change of plea hearing. On May 4, 2005, the trial court held a joint sexual offender classification and sentencing hearing. The trial court found Converse to be a sexual predator and sentenced him to serve eleven months in prison. Converse appeals from the trial court's judgment on the sexual offender classification and asserts the following assignment of error:
The trial court committed an error of law when it imposed the sexualpredator classification on appellant against the manifest weight of theevidence.
 {¶ 5} A "sexual predator" is defined as a person who has "pleaded guilty to committing a sexually oriented offense that is not a registration-exempt sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E)(1). A violation of R.C. 2907.07, which Converse pled guilty to, is included within the definition of "sexually oriented offense." R.C.2950.01(D)(1)(a). If the offense does not qualify the offender for automatic sexual predator status under R.C. 2950.09(A), the trial court must hold a hearing prior to sentencing to determine if the offender is a sexual predator. See R.C. 2950.09(B)(1); (2). During the hearing, the trial court "shall consider all relevant factors, including but not limited to the following:
(a) The offender's . . . age;
 (b) The offender's . . . prior criminal or delinquency recordregarding all offenses, including but not limited to, all sexualoffenses;
 (c) The age of the victim of the sexually oriented offense forwhich sentence is to be imposed . . .;
 (d) Whether the sexually oriented offense for which sentence is to beimposed . . . involved multiple victims;
 (e) Whether the offender . . . used drugs or alcohol to impair thevictim of the sexually oriented offense or to prevent the victim fromresisting;
 (f) If the offender . . . previously has been convicted of or pleadedguilty to . . . a criminal offense, whether the offender . . . completedany sentence . . . imposed for the prior offense or act and, if the prioroffense or act was a sexual offense or a sexually oriented offense,whether the offender . . . participated in available programs for sexualoffenders;
 (g) Any mental illness or mental disability of the offender . . .;
 (h) The nature of the offender's . . . sexual conduct, sexual contact,or interaction in a sexual context with the victim of the sexuallyoriented offense and whether the sexual conduct, sexual contact, orinteraction in a sexual context was part of a demonstrated pattern ofabuse;
 (i) Whether the offender . . ., during the commission of the sexuallyoriented offense for which sentence is to be imposed . . . displayedcruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to theoffender's . . . conduct.
R.C. 2950.09(B)(3)(a)-(j) (emphasis added). We have previously noted that "[r]igid rules . . . have no place in [a sexual predator classification, and] courts should apply the enumerated factors and consider the relevance, application, and persuasiveness of individual circumstances on a case-by-case basis." State v. Robertson,147 Ohio App. 3d 94, 2002-Ohio-494, 768 N.E.2d 1207, at ¶ 20 (citations omitted).
 {¶ 6} In examining the evidence and the statutory factors, the trial court must determine by clear and convincing evidence whether the offender is a sexual predator. R.C. 2950.09(B)(4). Clear and convincing evidence has been defined as
[T]hat measure or degree of proof which is more than a mere`preponderance of the evidence,' but not to the extent of such certaintyas is required `beyond a reasonable doubt' in criminal cases, and whichwill produce in the mind of the trier of facts a firm belief orconviction as to the facts sought to be established.
 Robertson, supra at ¶ 22 (quoting State v. Schiebel (1990),55 Ohio St. 3d 71, 74, 564 N.E.2d 54 (citations omitted)). When reviewing a trial court's decisions made under the clear and convincing standard of proof, "an appellate court must examine the record to determine whether the evidence satisfies" the standard. Robertson, supra at ¶ 23 (citation omitted).
 {¶ 7} Converse contends the trial court's classification was against the manifest weight of the evidence. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial to support one side of the issue rather than the other." State v.Thompkins (1997), 78 Ohio St. 3d 380, 387, 678 N.E.2d 514. (citation omitted). A party is entitled to judgment in his favor if the fact-finder, in this case, the trial court, determines that "the greateramount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on itseffect in inducing belief." Id. Because the trial court is in the better position to observe the witness' demeanor and actions, its decisions should be afforded due deference. See State v. Thompson (8th Dist. 1998), 127 Ohio App. 3d 511, 529, 713 N.E.2d 456.
 {¶ 8} Our review of the record indicates there is clear and convincing evidence to support a sexual predator classification, and as such, the manifest weight of the evidence supports the classification. The trial court considered Converse's age, the age of the victim, and the twenty year age difference between them; there was only one victim, but Converse attempted to meet with her on more than one occasion; Converse did not use drugs or alcohol to impair the victim, but was intoxicated at the time of his arrest; Converse was on community control sanctions from the Lima Municipal Court at the time of offense and had wired his car so as to avoid the breathalyzer installed as a condition of probation; Converse's psychiatric history; Converse's internet discussions with the victim spanned a time period of one and a half months and the topics of the discussions; and Converse's lengthy juvenile and adult criminal history. Hearing Tr., Jun. 28, 2005, at 10-13.
 {¶ 9} The trial court also noted that Converse "was persistent, traveling to Cridersville more than once, calculated, planned, promised the girl that he'd have jelly for the anal intercourse and then having jelly in his car evidencing his intention to carry out the sexual conduct which would include pain to the victim." Id. at 14:11-15. After its discussion of the R.C. 2950.09(B)(3) factors, the trial court found that Converse had pleaded guilty to a sexually oriented offense and found by clear and convincing evidence that Converse is likely to engage in one or more sexually oriented offenses in the future. Id. at 14:1-10. Based on the record, we cannot find that the trial court's sexual predator classification was against the manifest weight of the evidence.
 {¶ 10} However, the trial court failed to comply with R.C.2950.09(B)(4), which requires the trial court to "specify in the offender's sentence and the judgment of conviction that contains the sentence . . . that the court has determined that the offender . . . is a sexual predator and shall specify that the determination was pursuant to division (B) of this section." See also State v. Cathcart, 3rd Dist. No. 17-02-20, 2002-Ohio-6593, at ¶ 30. In this case, while the trial court made the necessary findings at the sexual offender classification hearing, it failed to specify its findings or its compliance with R.C. 2959.09(B)(4) in its judgment and sentencing entry. The appellant's assignment of error is sustained.
 {¶ 11} The judgment of the Auglaize County Common Pleas Court classifying Converse as a sexual predator is reversed, and this cause is remanded for further proceedings.
Judgment reversed and cause remanded.
 Cupp, P.J., and Rogers, J., concur.