OPINION
{¶ 1} The defendant-appellant, Joseph L. Converse ("Converse"), appeals the judgment of the Auglaize County Common Pleas Court classifying him as a sexual predator and sentencing him to serve 11 months in prison.
 {¶ 2} On December 16, 2004, Converse was indicted by the Auglaize County Grand Jury on one count of importuning, a violation of R.C. 2907.07(D)(2), a felony of the fifth degree. The indictment resulted after several internet conversations between Converse and a fictitious fourteen year old victim ("victim"), who was actually a Cridersville police officer, and two attempted meetings between Converse and the victim. The internet conversations began in October 2004 and were sexually explicit. Converse also sent the victim photographs, which depicted his naked body. Converse knew the victim's age because on several occasions, she told him she was only fourteen years old.
 {¶ 3} Converse and the victim arranged to meet each other on November 15, 2004, but Converse failed to appear when he saw a police car near the meeting place. Converse and the victim then scheduled to meet at Pat's Donuts and Kreme in Cridersville on November 25, 2004. The Cridersville police arrested Converse at the Speedway gas station located across the street from the doughnut shop that morning. Among the items retrieved during a search of Converse's car were a police scanner, a police light and siren, sexual paraphernalia, and a lock-blade knife.
 {¶ 4} Converse entered a guilty plea to the single count indictment at a March 10, 2005 change of plea hearing. On May 4, 2005, the trial court held a joint sexual offender classification and sentencing hearing. The trial court found Converse to be a sexual predator and sentenced him to serve eleven months in prison. Converse appealed, arguing that the manifest weight of the evidence did not support a sexual predator classification. InState v. Converse, 3rd Dist. No. 02-05-20, 2005-Ohio-5752, we held that the classification was supported by the manifest weight of the evidence, but the trial court had failed to comply with R.C. 2950.09(B)(4), which requires it to state in the sentencing judgment entry both the offender's classification and "that the determination was pursuant to [R.C. 2950.09(B)]." Therefore, we remanded the case for further proceedings.
 {¶ 5} On November 23, 2005, the trial court scheduled a hearing for November 30, 2005. On November 30, 2005, Converse filed a motion to stay proceedings and a motion for continuance. In open court, the trial court and counsel engaged in a lengthy discussion as to the scope of remand. The trial court determined it must hold a new hearing, and not merely file an amended judgment entry. Converse orally moved the court to stay the proceedings and/or for a continuance. Converse argued he wished to appeal to the Ohio Supreme Court, and he needed additional time to obtain an independent psychiatric evaluation, though he agreed that the initial psychiatric evaluation had been completed at his request. The trial court overruled both motions, continued with the hearing, and took judicial notice "of all prior proceedings in this cause of action." Hearing Tr., Jan. 24, 2006, 20:2-3. The court asked the State and Converse if they had any evidence to present, and Converse requested a continuance in order to subpoena the evaluator who completed the initial psychiatric evaluation. The trial court overruled the request and proceeded to classify Converse as a sexual predator. The court also re-sentenced Converse and filed its judgment entry. Converse appeals the trial court's judgment and asserts the following assignments of error:
The trial court committed prejudicial error, thereby, denyingAppellant's due process rights in accordance with Chapter 3950[sic] when the trial court abused its discretion in denyingAppellant's oral and written motions for a reasonablecontinuance.
 The trial court committed plain error by taking judicialnotice of the forensic evaluation. Additionally, the trial courtcommitted an error of law without stating the basis for thejudicial notice.
 The trial court committed an error of law when it imposed thesexual predator classification on Appellant against the manifestweight of the evidence.
 {¶ 6} In the prior appeal, we held that the sexual predator classification was not against the manifest weight of the evidence, and our opinion simply mandated correction of the judgment entry to comply with R.C. 2950.09(B)(4).[1]
Crim.R. 52(A) establishes that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." In this case any error in the trial court's proceedings was harmless and non-prejudicial, as the law of the case establishes that the sexual predator classification was not against the manifest weight of the evidence. The hearing conducted on remand was superfluous because the trial court reiterated the findings made at the prior hearing and corrected its judgment entry to comply with R.C. 2950.09(B)(4) as directed. Each assignment of error is overruled.
 {¶ 7} The judgment of the Auglaize County Common Pleas Court is affirmed.
Judgment affirmed.
 Rogers and Cupp, JJ., concur.
[1] In State v. Converse, 3rd Dist. No. 02-05-20,2005-Ohio-5752, we relied upon our decision in State v.Cathcart, 3rd Dist. No. 17-02-20, 2002-Ohio-2593, which required remand for a new hearing. In addition to the faulty judgment entry in Cathcart, the trial court's findings were not supported by clear and convincing evidence. In this matter, the only defect was in the trial court's judgment entry.