OPINION
{¶ 1} Defendant-appellant Mark G. Masten ("Masten") brings this appeal from the judgment of the Court of Common Pleas of Hancock County determining that Masten be classified as a sexual predator. For the reasons stated below, this judgment is affirmed.
 {¶ 2} On February 8, 1989, Masten entered no contest pleas to three counts of felonious sexual penetration and four counts of sexual battery. The trial court found Masten guilty and on February 24, 1989, sentenced Masten to a prison term of twelve to twenty-five years in prison. On April 25, 2007, a sexual offender classification hearing was held. Both Masten and the State stipulated to the introduction of several reports and psychological evaluations. No additional evidence was presented. On May 29, 2007, the trial court issued a decision classifying Masten as a sexual predator. A final hearing was held on June 27, 2007, at which the trial court informed Masten of its determination and instructed him on the requirements accompanying the classification. Masten appeals from this judgment and raises the following assignment of error.
 The trial court erred when it labeled [Masten] a sexual predator, when that classification was against the manifest weight of the evidence. *Page 3 
 {¶ 3} " In examining the evidence and the statutory factors, the trial court must determine by clear and convincing evidence whether the offender is a sexual predator." State v. Converse, 3rd
Dist. No. 205-20, 2005-Ohio-5752, ¶ 6. Clear and convincing evidence is more that a mere "preponderance of the evidence," but not to the level required for "beyond a reasonable doubt" in criminal cases. Id. (citingState v. Robertson, 147 Ohio App.3d 94, 2002-Ohio-494, 768 N.E.2d 1207). This degree of proof requires the trier of fact to have a firm belief or conviction as to the facts sought to be established. Id. When reviewing a decision made pursuant to the clear and convincing standard of proof, an appellate court reviews the record to determine whether the evidence supports the standard. Id.
 {¶ 4} In this case, Masten claims that the trial court's judgment is against the weight of the evidence.
 Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial to support one side of the issue rather than the other." * * * A party is entitled to judgment in his favor if the fact-finder, in this case, the trial court, determines that "the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." Id. Because the trial court is in the better position to observe the witness' demeanor and actions, its decisions should be afforded due deference.
Id. at ¶ 7. *Page 4 
 {¶ 5} A review of the evidence indicates that the trial court thoroughly considered the statutory factors.
 1) At the time these offenses commenced, [Masten] was approximately thirty-four years old and the victim was approximately twelve. [Masten's] criminal conduct continued until the victim was approximately sixteen. (R.C. 2950.09(B)(3)(a) (c)).
 2) [Masten] has no prior record. (R.C. 2950.09(B)(3)(b).)
 3) This offense did not involve multiple victims. (R.C. 2950.09(B)(3)(d)).
 4) [Masten] did not use drugs or alcohol to impair the victim or to prevent the victim from resisting (R.C. 2950.09(B)(3)(e)).
 5) Prior to this offense, [Masten] did not participate in any available programming for sex offenders. However, while incarcerated, [Masten] did complete mandatory sex offender training. (See Court Exhibit 1-A), (R.C. 2950.09(B)(3)(f)).
 6) There is some evidence in the record that [Masten] had suffered and may continue to suffer from a mental illness or disability, namely post-traumatic stress syndrome and pedophilia. (See State's Exhibit 7), (See R.C. 2950.09(B)(3)(g).)
 7) The victim was the subject of a pattern of demonstrated abuse. (State's Exhibit 1), (R.C. 2950.09(B)(3)(h)).
 8) There is no evidence that [Masten] displayed or threatened cruelty during the commission of the offense as contemplated by the statute. (R.C. 2950.09(B)(3)(i)).
 9) Other relevant factors include: *Page 5 
 a. [Masten] refused to submit to an evaluation by the Court Diagnostic Treatment Center;
 b. [Masten's] lack of remorse for his conduct and claimed blackouts to avoid criminal responsibility (See State's Exhibit 6);
 c. Beyond the initial mandatory sex offender training the Defendant has failed to participate in any additional sex offender treatment;
 d. [Masten's] familial relationship with the victim including the fact that he occupied a position of trust as her adoptive father;
 e. [Masten] encouraged the victim to recruit other young girls;
 f. The egregious and protracted nature of [Masten's] sexual abuse of the victim.
 g. [Masten's] lack of prior convictions;
 h. [Masten's] exemplary behavior while incarcerated (See Court Exhibit 1-A);
 i. The ten year recidivism follow-up study which establishes that similarly situated defendants exhibit a low incidence of re-offending (Defendant's Exhibit A); (R.C. 2950.09(B)(3)(j)).
May 29, 2007, judgment, 5-7. Additionally, the trial court noted that Masten "kept detailed records of his sexual deviancy; and required the victim to submit to a `contract' to secure her participation in the future." Id. at 7.
 {¶ 6} Based upon the evidence before it the trial court found that the occupation of a position of trust by Masten, the young age of his victim, the *Page 6 
repeated number of acts, the depraved nature of Masten's conduct, and his use of threats to intentionally impregnate or subject the victim to public humiliation if she refused to submit to his future demands was indicative that Masten was likely to reoffend. The trial court also placed great weight upon Masten's refusal to participate in any sex offender programs beside the one required by the court and his refusal to submit to a new psychological evaluation as indicative of his lack of desire to change his behavior. The evidence before the trial court clearly and convincingly supports the detailed findings and conclusions of the trial court. Thus, the judgment is not against the manifest weight of the evidence. The assignment of error is overruled.
 {¶ 7} The judgment of the Court of Common Pleas of Hancock County is affirmed.
Judgment affirmed.
 SHAW, P.J., and ROGERS, J., concur. *Page 1